IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR VALERO;
BLANCA VALERO,

        Plaintiffs,                      No. 2:12-cv-1115-KJM-EFB PS

    vs.

BANK OF AMERICA HOME LOANS;
BANK OF NEW YORK MELLON;
RECONTRUST COMPANY, N.A.;
and DOES 1-10, inclusive,                  ORDER

        Defendants.
_____/

      This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On June 7, 2012, defendants filed a motion to dismiss plaintiffs' complaint, which is scheduled to be heard on September 12, 2012. Dckt. No. 6; *see also* Dckt. No. 9. Plaintiffs originally filed an opposition to the motion to dismiss on August 14, 2012. Dckt. No. 7. However, because the opposition was late and did not respond to many of the specific arguments made in the motion to dismiss, plaintiffs were directed to file a revised opposition in which they were to respond to the specific arguments set forth in the motion to dismiss. Dckt. No. 9. Then, on August 29, 2012, plaintiffs filed a further opposition *and* a purported amended complaint. Dckt. Nos. 11, 12.

1

Because plaintiffs did not file their amended complaint within 21 days of the date defendants were served with the complaint or within 21 days of the date defendants served their motion to dismiss, plaintiffs were not entitled to amend their complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) (providing that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."). However, in light of plaintiffs' pro se status, the court will construe the amended complaint as a motion to amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiffs, who are appearing *pro se*, unduly delayed in filing their purported amended complaint or that it was filed in bad faith. In fact, the amended complaint was filed within the time prescribed for filing a revised opposition to defendants' motion to dismiss. Further, the court cannot say at this time that amendment would be futile.

2

1  Additionally, although defendants have already filed a motion to dismiss the original complaint,

2  if plaintiffs' amended complaint suffers from the same failures that defendants contend the

3  original complaint does, defendants can move to dismiss the amended complaint on similar

4  grounds.  Therefore, defendants have completed little or no work that would be disturbed by

5  granting plaintiffs leave to file their amended complaint.  The burden of showing prejudice is

6  upon the party opposing the amendment and defendants cannot carry this burden.  Accordingly,

7  plaintiffs will be granted an opportunity to file an amended complaint.[1]  *See Duong-Tran v.*

8  *Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

9  　　　　As a result, defendants' motion to dismiss, Dckt. No. 6, will be denied as moot.

10  Plaintiffs' amended complaint will supersede the earlier complaint which that motion seeks to

11  dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot.  *See*

12  *Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

13  　　　　Accordingly, IT IS HEREBY ORDERED that:

14  　　　　1.  Plaintiffs' amended complaint, Dckt. No. 12, is construed as a motion to amend their

15  original complaint and that motion is granted.

16  　　　　2.  On or before September 17, 2012, plaintiffs shall file a proper amended complaint

17  containing all of plaintiffs' factual allegations and purported causes of action.  That complaint

18  shall be labeled plaintiffs' "Second Amended Complaint."

19

---

20  　　　　[1] Although plaintiffs' August 29, 2012 filing appears to be a purported amended complaint, because it does not appear to be a comprehensive statement of plaintiffs' allegations, plaintiffs will

21  be given an opportunity to file a proper amended complaint.  That complaint shall be labeled plaintiffs' "Second Amended Complaint" and shall include all of plaintiffs' allegations against

22  defendants. Plaintiffs are reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

23  in itself.  This is because, as a general rule, an amended complaint supersedes all earlier complaints. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiffs file a second

24  amended complaint, the original and first amended complaint will no longer serve any function in this case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which

25  are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik*

26  *v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. Defendants' motion to dismiss, Dckt. No. 6, is denied as moot and the September 12, 2012 hearing thereon is vacated.

4. Defendants shall file a response to plaintiff's second amended complaint within the time prescribed in the Federal Rules of Civil Procedure.

5. Failure to file a second amended complaint within the time prescribed herein may result in a recommendation that this action be dismissed for failure to prosecute and/or for failure to comply with this court's orders. *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110.

SO ORDERED.

DATED: September 5, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4