IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR VALERO;
BLANCA VALERO,

        Plaintiffs,

    vs.

BANK OF AMERICA HOME LOANS;
BANK OF NEW YORK MELLON;
RECONTRUST COMPANY, N.A.;
and DOES 1-10, inclusive,

        Defendants.

No. 2:12-cv-1115-KJM-EFB PS

<u>ORDER AND
FINDINGS AND RECOMMENDATIONS</u>

This case, in which plaintiffs are proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendants move to dismiss plaintiffs' second amended complaint for lack of subject matter jurisdiction and, alternatively, failure to state a claim. Dckt. No. 15. For the reasons stated herein, the undersigned recommends that the motion be granted.

I. <u>BACKGROUND</u>

On April 26, 2012, plaintiffs filed a complaint against defendants, alleging wrongful foreclosure and objecting to defendants' unlawful detainer action. Dckt. No. 1. Plaintiffs asserted claims for breach of contract, fraud and racketeering, usury and racketeering, and fraud,

1

and contended that this court has subject matter jurisdiction because defendants violated plaintiffs' seventh amendment right to a trial by jury, as well as plaintiffs' fifth and fourteenth amendment rights. *Id.* at 2, 5-6. Defendants moved to dismiss that complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that this court lacks jurisdiction and that the complaint fails to state a claim upon which relief may be granted. Dckt. No. 6.

Plaintiffs originally filed an opposition to the motion to dismiss on August 14, 2012. Dckt. No. 7. However, because the opposition was late and did not respond to many of the specific arguments made in the motion to dismiss, plaintiffs were directed to file a revised opposition in which they were to respond to the specific arguments set forth in the motion to dismiss. Dckt. No. 9.

Plaintiffs then filed a further opposition on August 29, 2012. Dckt. No. 11. Also on August 29, 2012, plaintiffs filed a first amended complaint. Dckt. No. 12. However, because plaintiffs were not entitled to amend their complaint as a matter of course and did not have the stipulation of all parties for leave to amend, the amended complaint was construed as a motion to amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and that motion was granted. Dckt. No. 13. Accordingly, plaintiffs were instructed to file a second amended complaint and defendants' motion to dismiss was denied as moot. *Id.*

On September 17, 2012, plaintiffs filed a second amended complaint. Dckt. No. 14. The complaint asserts that jurisdiction is based upon plaintiffs' Seventh Amendment rights, as well as plaintiff's Fifth and Fourteenth Amendment rights. *Id.* at 2. The second amended complaint states claims for violation of 42 U.S.C. § 1983, 18 U.S.C. § 241, wrongful foreclosure, and a violation of plaintiffs' "human rights and due process," and vaguely alleges that defendants violated 18 U.S.C. §§ 1341 and 1343. *Id.* at 6-7.

According to the second amended complaint, plaintiffs obtained a $424,000.00 home loan from Countrywide Home Loans, currently known as Bank of America Home Loans. *Id.* at 3. Plaintiffs allege, however that defendant "only lent credit and not lawful money of the United

2

States" in violation of 42 U.S.C. § 1983. *Id.* Plaintiffs contend that the defendants violated "the rule of servicing and the strict rules of foreclosure" by engaging in "unsafe and unsound servicing practices that have caused the plaintiff an unlawful and wrongful foreclosure." *Id.* at 4. Plaintiffs allege that Countrywide Home Loans, currently known as Bank of America Home Loans, made a false representation and engaged in fraud "as it merely transferred some book entries and never intended to redeem this check in lawful money of the United States but did illegally represent, induce the plaintiff to believe otherwise . . . ." *Id.* Plaintiffs assert that this also led "to the illegal securitization of plaintiffs' deed of trust" and that "[t]he bank did not disclose the fact that after it sold the Note the bank, (Lender), and Servicer gave up all rights, Title, and Interest but is acting illegally in the servicing capacity to foreclose upon the plaintiffs." *Id.* at 5. Plaintiffs also allege that the Bank of New York Mellon committed illegal "securitization violations" and initiated a "wrongful foreclosure claim and a breach of payments from a debt when there is no debt in bankruptcy." *Id.* Plaintiffs contend that their property in Woodland, California entered foreclosure on September 22, 2011, and that plaintiffs received an eviction notice on February 2, 2012. *Id.* at 6. Plaintiffs claim that the substituted trustee, Recontrust Company, N.A. filed a fraudulent and misleading "Affidavit of Indebtedness, Ownership of Accounts" in violation of § 1983, 18 U.S.C. § 1621, and plaintiff's human rights and due process rights. *Id.*

II.   MOTION TO DISMISS

    A.   Legal Standards Under 12(b)(6)

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

3

236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

B.  Pro Se Standards

The court is mindful of plaintiffs' pro se status. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). The court must construe the pleadings of a pro se litigant liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985). However, that liberal interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of*

*Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982).  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

C.   Discussion

Defendants argue that the second amended complaint fails to state a claim upon which relief may be granted.  Dckt. No. 15.  Specifically, they contend that the second amended complaint (1) fails to comply with Federal Rule of Civil Procedure 8; (2) fails to allege claims for violation of 42 U.S.C. § 1983 and/or 18 U.S.C. § 241; (3) fails to state a claim for wrongful foreclosure; (4) fails to state a claim for violation of plaintiffs' human rights; and (5) fails to state a claim under 18 U.S.C. §§ 1341 and 1343.  *Id.*

1.  42 U.S.C. § 1983

Throughout their second amended complaint, plaintiffs repeatedly reference defendants' alleged violations 42 U.S.C. § 1983.  Plaintiffs also allege that defendants violated plaintiffs' "human rights and due process."[1]  Dckt. No. 14 at 7.  Section 1983 does not, itself create substantive rights.  Rather, it provides a statutory remedy for the violation by state actors of otherwise federally protected rights.  *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, plaintiffs must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, except for a vague reference to due process, plaintiffs have not alleged specific violations of a federal constitutional or statutory right.  Nor have they alleged conduct showing that any of the defendants acted under color of state law.  *See Sutton v. Providence St. Joseph Med. Ctr.*, 192

---

[1] Plaintiffs have not asserted any statutory, constitutional, or international law basis for their alleged "human rights violations."

5

1  F.3d 826, 835 (9th Cir. 1999) (The party charged with a constitutional deprivation under § 1983
2  must be a person who may fairly be said to be a governmental actor) (citation and quotations
3  omitted).  Section "1983 excludes from its reach merely private conduct, no matter how
4  discriminatory or wrong." *Id.* (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)
5  (citation and internal quotation marks omitted)).  Plaintiffs' failure to allege facts, which if true,
6  satisfy the required elements to a claim under § 1983 requires dismissal.  To proceed the
7  complaint must contain sufficient factual matter, which if accepted as true,  "state[s] a claim to
8  relief that is plausible on its face." *Ashcroft v. Iqbal*, -- U.S. ---, 129 S. Ct. 1937, 1949.

9        The remaining question is whether the dismissal should be with leave to amend.
10 Ordinarily courts permit a plaintiff to amend to cure pleading deficiencies, but leave to amend
11 should not be granted where it appears amendment would be futile.  Here, plaintiffs' amended
12 complaint, without explanation, references the Seventh and Fourteenth amendments but fails to
13 provide any clue as to what acts by these defendants violated any of plaintiffs' federally
14 protected rights.[2]  The Seventh Amendment preserves the right to jury trial.  The Fourteenth
15 Amendment, among other things, protects the right to due process of law.  But nothing alleged in
16 the amended complaint demonstrates any conduct by the defendants that shows state action in
17 violation of plaintiffs' due process rights nor suggests that an amendment to the allegations could
18 establish such state action in violation of plaintiffs' federally protected rights.  Moreover, when
19 plaintiffs' amended complaint is informed by their earlier complaint it is clear that the gravamen

---

[2] Plaintiffs' amended complaint is incomplete on its face.  It appears to simply supplement rather than replace the earlier complaint.  As such, it violates Local Rule 220.  An amended complaint must be redrafted so that it is complete in itself without reference to any earlier filed complaint.  The complaint may not be amended in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint.  Where plaintiffs intend to add, omit, or correct information in the operative complaint, they must file an amended complaint that is complete within itself.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

of their claims against these defendants is that plaintiffs were allegedly defrauded in the origination and/or servicing and ultimate foreclosure of their mortgage. These claims are addressed below and, as noted, none implicate federally protected rights actionable under § 1983. Therefore, plaintiffs' claim for violation of § 1983 must be dismissed without leave to amend. *See Noll*, 809 F.2d at 1448 (while the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be granted where it appears amendment would be futile).

### 2. 18 U.S.C. §§ 241, 1341, 1343, and 1621

Plaintiffs also purport to state claims under 18 U.S.C. §§ 241, 1341, 1343, and 1621. However, those are criminal statutes which do not provide for a private right of action. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241 and 242 are "criminal provisions [which] provide no basis for civil liability"); *Sordean v. United States*, 1995 WL 86548 at *2 (N.D. Cal. Feb. 24, 1995) (no private right of action under 18 U.S.C. §§ 1621 or 1622); *Wilcox v. First Interstate Bank*, 815 F.2d 522, 533 n. 1 (9th Cir. 1987) ("Other than in the context of RICO, federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341.")[3]; *Napper v. Anderson*, 500 F.2d 634, 636 (5th Cir. 1974) (similar to mail fraud, Congress did not intend to create a federal cause of action for wire fraud under 18 U.S.C. § 1343). Therefore, plaintiffs' claims under those statutes must be dismissed without leave to amend. *See Noll*, 809 F.2d at 1448.

### 3. Wrongful Foreclosure

Finally, plaintiffs attempt to state a claim for wrongful foreclosure. Dckt. No. 14 at 7. Although defendants move to dismiss that claim on the merits, because all of plaintiffs' federal claims must be dismissed, this court should decline supplemental jurisdiction over plaintiffs'

---

[3] Nor have plaintiffs alleged any facts that would support a civil RICO claim under 18 U.S.C. § 1962(c). In order to state a civil RICO claim, a plaintiff must allege the following elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to a party's business or property. *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal citations omitted).

state law wrongful foreclosure claim.[4]  *See Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639-40 (2009); *Albingia Versicherungs A.G. v. Schenker Int'' Inc*., 344 F.3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).  Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  Here, because all of plaintiffs' federal claims will be eliminated at the pleadings phase, it is in the interests of judicial economy, convenience, fairness, and comity to dismiss plaintiffs' state law wrongful foreclosure claim without prejudice pursuant to 28 U.S.C. § 1367(c).

III.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference currently set for hearing on December 19, 2012 is vacated.[5]

////

---

[4] Nor does this court have diversity jurisdiction since plaintiffs and ReconTrust Company, N.A. are citizens of California.  *See* Dckt. No. 14 at 1; *see also* Defs.' Mot. to Dismiss Pls.' Initial Compl., Dckt. No. 6, at 4-6.  Additionally, contrary to plaintiffs' assertions otherwise, the Seventh Amendment is not an independent basis for federal jurisdiction. *See Turczynski v. Friedman*, 2007 WL 4556923, at *5 (E.D. Cal. Dec. 20, 2007) ("[P]laintiff does not have the right to a civil jury trial under the Seventh Amendment in the absence of a federal claim."); *Davis v. Citibank West, FSB*, 2011 WL 1086055, at *2 (N.D. Cal. Mar. 24, 2011) ("[T]he Seventh Amendment right to a jury trial does not give this Court jurisdiction over Plaintiffs' claims.").

[5] As a result, the parties are not required to submit status reports as provided in the August 17, 2012 minute order.  *See* Dckt. No. 9; *see also* Dckt. No. 3.  However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss, Dckt. No. 15, be granted;

2. Plaintiffs' federal claims be dismissed without leave to amend;

3. Plaintiffs' wrongful foreclosure claim be dismissed without prejudice under 28 U.S.C. § 1367; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 29, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9