UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR VALERO, et al., | No. 2:12-cv-01115-KJM-EFB |
| Plaintiffs, | |
| v. | ORDER |
| BANK OF AMERICAN HOME LOANS, et al., | |
| Defendants. | |

On May 14, 2013, this court adopted the assigned magistrate judge's findings and recommendations, dismissed the plaintiffs' claims, and closed the case. ECF No. 21. Judgment was entered the same day. ECF No. 22. On May 24, 2013, the plaintiffs filed a document that this court and the Circuit Court understood to be a notice of appeal. *See* Not. Appeal. ECF No. 23; Not. Appeal Processed, ECF No. 24.

On further review, it is apparent the "Notice of Appeal" includes a motion for reconsideration under Federal Rule of Civil Procedure 60(b). *See* Not. Appeal at 3–7.[1] Because that motion was filed within twenty-eight days of the date judgment was entered, it is construed as a motion to alter or amend the judgment under Rule 59(e). *See Am. Ironworks & Erectors, Inc.*

---

[1] Pages cited here are those printed in the top right by the CM/ECF system.

1

*v. N. Am. Const. Corp.*, 248 F.3d 892, 898 (9th Cir. 2001).  This court has jurisdiction to consider a timely Rule 59(e) motion, which also tolls the time period for an appeal.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. App. P. 4(a)(4) ("If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . to alter or amend the judgment under Rule 59 . . . ."); *Schroeder v. McDonald*, 55 F.3d 454, 458 (9th Cir. 1995) (a notice of appeal "shall be in abeyance and become effective upon the date of entry of an order disposing of the Rule 59(e) motion").

       "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).  Here, the plaintiffs' § 1983 claims were dismissed because they did not allege the defendants acted under color of law, among other reasons.  The plaintiffs' claims under 18 U.S.C. §§ 241, 1341, 1343, and 1621 were dismissed because those sections are criminal statutes which do not provide for a private right of action.  The plaintiffs' wrongful foreclosure claim was dismissed in light of the parties' partially shared California citizenship and the dismissal of all federal claims.  The motion for reconsideration does not show these conclusions were erroneous, presents no new evidence, and identifies no change in controlling law.  *See generally* Not. Appeal at 3–7 (asserting primarily a right to a jury trial).  It is accordingly DENIED.

       IT IS SO ORDERED.

DATED:  May 16, 2016

                                     UNITED STATES DISTRICT JUDGE